O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON BENJAMIN, | ) | NO. CV 14-8392-CJC (MAN) |
| Petitioner, | ) ) | ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | ) ) ) | |
| CALIFORNIA STATE PRISON LANCASTER, | ) ) ) | |
| Respondent. | ) ) | |

On October 14, 2014, Petitioner, a California prisoner, filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Eastern District of California ("Petition"). On October 28, 2014, the Eastern District ordered that the Petition be transferred to this district, and it was filed in this district on October 29, 2014. Petitioner alleges that he is in custody pursuant to a conviction sustained in the Los Angeles Superior Court and a sentence imposed on October 17, 2011, for "6yrs 8mo at 80%." (Petition at 1.) The Petition alleges a single claim. Petitioner contends that, under a state law that went into effect on October 1, 2011, he should have received a "half-time" sentence. (Petition at 5.)

There are two readily-apparent problems with the Petition. As Petitioner is incarcerated at California State Prison-Lancaster, the only appropriate Respondent is the Warden of that

facility, not the prison itself. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). More problematic is the Petition's failure to state a viable federal habeas claim. Petitioner alleges no more than that his sentence was incorrect under California law. Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. *See* Lewis v. Jeffers, 110 S. Ct. 3092, 3102 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 113 S. Ct. 528, 536 (1992). As framed, the sole claim set forth in the Petition is not cognizable on federal habeas review.

Although affording Petitioner leave to amend would allow him to name a correct Respondent and possibly state a facially viable federal habeas claim, granting him leave to amend would be futile and inappropriate. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 summary dismissal is required here, because it plainly appears that the Petition is unexhausted.[1]

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

2

only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* Duncan v. Henry, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See* Baldwin, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

Petitioner alleges, under penalty of perjury, that he did not appeal his 2011 conviction and does not have any state post-conviction petition pending. (Petition at 4, 6.) The Court has reviewed the dockets for the California Supreme Court and the California Court of Appeal, which are available electronically,[2] and takes judicial notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence. A search of those dockets shows that Petitioner has not filed *any* proceeding in the California Supreme Court or the California Court of Appeal with respect to his 2011 conviction. Thus, Petitioner has not exhausted his present claim, because it has not been considered by the California Supreme Court.

Accordingly, the Petition is unexhausted, because Petitioner did not present his claim to

---

[2] *See* http://appellatecases.courtinfo.ca.gov.

the California Supreme Court before he sought federal habeas relief.  Because the Petition is fully unexhausted, it must be dismissed without prejudice.  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.[3]

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required, because it is unexhausted.  Accordingly, IT IS ORDERED that:  the Petition is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: October 31, 2014

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[3]     Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed.  See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing:  "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "Rhines stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).